| RETURN DATE:  DECEMBER 13, 2016 | : | SUPERIOR COURT |
| --- | --- | --- |
| | : | |
| MELISSA VIGUE | : | JD OF HARTFORD |
| | : | |
| v. | : | AT HARTFORD |
| | : | |
| BRISTOL ADULT RESOURCE CENTER, INC. | : | NOVEMBER 7, 2016 |

## COMPLAINT

<u>COUNT ONE</u>:  **Sexual Harassment / Hostile Work Environment in violation of CGS § 46a-60(a)(8)**

1.    The plaintiff, Melissa Vigue (hereinafter referred to as "the plaintiff"), was at all times set forth herein, and remains, a resident of the Town of Bristol, State of Connecticut.

2.    The Defendant, Bristol Adult Resource Center, Inc. (hereinafter referred to as "Defendant" or "Defendant Company"), was and is a business entity with a principal place of business at 195 Maltby Street, in the Town of Bristol, State of Connecticut, 06010-3817.

3.    Plaintiff filed an administrative complaint with the Commission on Human Rights and Opportunities on or about May 31, 2016. Plaintiff received a Release of Jurisdiction letter dated October 27, 2016. This Complaint is brought within ninety (90) days of the Release of Jurisdiction letter, which is attached hereto as **Exhibit A**.

4.    The Defendant is a non-profit organization offering day program providing care and services for adults with disabilities.

5.    The plaintiff was born on July 22, 1965, and she is currently 51 years old.

6.    The plaintiff commenced her employment with the Defendant on or about June 22, 2005, as a general staff employee / part time job coach. On or about 2011, the defendant promoted the plaintiff and thereafter she worked as the Manager of the Yard Service department, as well as Manager of the Art department.  Plaintiff worked in this capacity through the date of the wrongful termination of her employment on April 15, 2016.

7.      Throughout the course of the plaintiff's employment, Judy Gebben was the Defendant Executive Director, Deneen Peterson was the Defendant's Day Services Director, Charlene Tartiff was the Defendant's Assistant Day Services Director, and Amy Nazzaro was the Defendant's Human Resources manager.

8.      Throughout the plaintiff's employment with the defendant she was a good and dependable employee exhibited for example by her yearly above average performance reviews, the promotions that she received, the bonuses that she received every year, and the monetary raises she received.

9.      In or about early 2014, the defendant company hired a new employee, Lisa Mastracchio. Lisa was a part-time employee and worked in the Art Department as the plaintiff's subordinate.  She was the only employee that reported directly to the plaintiff in the Art Department.

10.     Lisa is younger than the plaintiff, approximately in her 40's.

11.     From the time that Lisa was hired through the date of the wrongful termination of the plaintiff's employment, Mr. Paul Arruda, an employee in the Marketing Department, worked in a cubical that was in the Art Room where Lisa and the plaintiff worked.

12.     Paul is also approximately in his 40's.

13.     From the commencement of Lisa's employment with the defendant, Lisa and Paul developed a personal relationship / friendship with one another.

14.     Upon the commencement of Lisa's employment with the defendant company, Lisa began to make frequent inappropriate sexual contacts and communications with the plaintiff.

15.     Throughout the course of the plaintiff's employment, Lisa approached the plaintiff and asked whether the plaintiff would hug her. Plaintiff denied Lisa's requests as she thought they were inappropriate and the request for a hug and close bodily contact with her

2

made the plaintiff uncomfortable. In response the plaintiff stated to her that she was simply not a hugger.

16.     Lisa also frequently contacted the plaintiff outside of work even during off working hours late at night, texting and calling the plaintiff at home. The texts were also inappropriate with kissy faces, references to hugging, hearts, and "xxoo" for kisses.

17.     Throughout the plaintiff's employment, Lisa also always made sexual advancements towards the plaintiff in the course of employment. For example, Lisa referred to the plaintiff as "sweetie" and stated to her on multiple occasions in person and over text, that she loved the plaintiff and that they were meant to be in each other's lives.

18.     Plaintiff believed that these contacts and communications were inappropriate for the workplace.

19.     As a result, the plaintiff began to immediately make complaints / notify management about Lisa's conduct and that she thought it was inappropriate and made her uncomfortable, and as a member of management plaintiff asked for opinions and suggestions on how to handle it.

20.     Plaintiff informed management that she maintained possession of the inappropriate text messages.  In response, management informed the plaintiff that they did not want to see the text messages.

21.     From the date that Lisa was hired through the date of the termination of the plaintiff's employment, over the two years, plaintiff made approximately twelve (12) complaints to management regarding Lisa's conduct towards her and that it made her uncomfortable.  In response, defendant took no action to address Lisa's conduct or the plaintiff's concerns and complaints of a hostile work environment.

22.     In March and April of 2016, the plaintiff was required to take time off of work for a medical leave pursuant to the Family Medical Leave Act (hereinafter referred to as the

3

FMLA) to undergo two surgeries for a personal medical condition. The first surgery was on March 18, 2016, and the second was on April 4, 2016.

23.    Prior to taking said FMLA medical leave, plaintiff notified defendant company management of her medical condition and that she required leave and requested FMLA.

24.    For the plaintiff's first surgery she commenced medical leave on March 18, 2016, was out of work ten (10) days. Plaintiff returned to work on March 28, 2016.

25.    For the plaintiff's second surgery, she commenced medical leave on April 4, 2016, and returned to work April 11, 2016.

26.    Upon returning to work on Aril 11, 2016, plaintiff was called into a meeting by defendant management, Director Deneen Petersen and HR manager Amy Nazzaro. During the meeting plaintiff was told that although she was a good boss, that was accused of creating a hostile work environment and accused of sexually harassing another employee.

27.    In shock, plaintiff responded that these allegations were completely and absolutely false and fabricated, that the only subordinate that she managed in the art department was Lisa and she was the one that plaintiff had reported to management numerous times for harassment and a hostile work environment.

28.    When plaintiff stated that she had reported Lisa to management numerous times, Ms. Petersen shook her head yes confirming that the plaintiff had in fact made such complaints.

29.    During said meeting defendant management specifically informed the plaintiff that the allegations of bullying and sexual harassment were first raised while she was out on FMLA leave.

30.    During said meeting the plaintiff requested further / more detailed information related to the allegations made that she subjected another employee to sexual harassment. In response, Ms. Nazzaro of HR stated to the plaintiff: (1) plaintiff stated to another employee

4

that she had not had sex in forever, (2) plaintiff made a comments about her body parts and the body parts of another employee, and (3) that plaintiff was a bully.

31.     In response plaintiff stated that she was confident that these allegations came from Lisa as she was the only direct report in the art department and that plaintiff made complaints about her inappropriate behavior for a year and defendant did nothing in response. Plaintiff further stated that she surmised that the complaints could have also come from Paul as he was in the Art room and had a close relationship with Lisa.

32.     Plaintiff again reiterated that the allegations were false and that they could speak with Dave Rodriguez, a defendant employee in the yard service department, along with other yard service employees that the plaintiff also supervised, as they had observed her actions as a supervisor.

33.     At the end of the meeting, plaintiff was instructed to go home and that her employment was suspended pending an investigation into the allegations.

34.     Thereafter, on or about April 15, 2016, plaintiff was called and informed to attend another meeting, this time with Executive Director Judy Gebben and HR manager Amy Nazarro.

35.     Upon commencement of the meeting, management stated to the plaintiff: "although it is with a heavy heart, your employment is being terminated due to violation of company policy."

36.     The defendant's reason(s) for termination are a pretext for unlawful discrimination and retaliation.

37.     The allegations lodged against the plaintiff, while she was out on FMLA leave, were false and fabricated. Prior to plaintiff's FMLA leave she had absolutely no prior notice of any complaint(s) of sexual harassment or that she was a bully.

5

38.     Furthermore, Defendant Company did not apply company policies in a fair and non-discriminatory / non-retaliatory manner with respect to the termination of the plaintiff's employment.   Upon information and belief, other defendant company employees violated company policies for a number of reasons and despite defendant's awareness of said violation(s), defendant did not discipline and / or terminate said employee(s) similar to the plaintiff.

39.     The Defendant's purported reason(s) for terminating the plaintiff was a pretext for discrimination.

40.     The Defendant's actions, as aforesaid, are a violation of Connecticut General Statutes § 46a-60(a)(8).

41.     As a result of the Defendant's violation, the plaintiff has suffered lost compensation, including but not limited to lost wages, and the termination of employment.

42.     Additionally, as a direct and proximate result of the Defendant's actions, as aforesaid, the plaintiff has suffered emotional distress, which the Defendant knew, or should have known, would result from its actions.

43.     Furthermore, as a result of the Defendant's actions, as aforesaid, the plaintiff has been forced to spend legal fees and costs in order to obtain the rights to which she is entitled.

**COUNT TWO:**     **Disability Discrimination and Perceived Disability Discrimination in violation of CGS 46a-60(a)(1)**

1.     The Plaintiff repeats and re-alleges Paragraphs 1 through 39 above as Paragraphs 1 through 39 of this Second Count as if fully set forth herein.

40.     The Plaintiff was discriminated against, unequally treated, and had her employment terminated because of her medical disability and/or perceived disability.

6

41.     The foregoing conduct of the Defendant constitutes disability and/or perceived disability discrimination in violation of the CFEPA.

42.     As a result of the foregoing unlawful conduct of the Defendant, the Plaintiff was denied the opportunity of gainful employment.  As such, the Plaintiff has suffered a substantial loss of income and other employment benefits and will continue to suffer the loss of same all to her loss and detriment.

45.     As a further result of the foregoing unlawful conduct, the Plaintiff has incurred attorney's fees and costs in order to obtain the right to which she is entitled.

46.     As a further result of the foregoing unlawful conduct of the Defendant, the Plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

**COUNT THREE:     Retaliation in violation of CGS §46a-60(a)(4)**

1.     The Plaintiff repeats and re-alleges Paragraphs 1 through 39 above as Paragraphs 1 through 39 of this Third Count as if fully set forth herein.

40.     The Plaintiff engaged in activities protected under the CFEPA by making complaints about unlawful employment practices, as set forth above.

41.     The Defendant retaliated against the Plaintiff for engaging in the foregoing protected activity.

42.     The foregoing conduct of the Defendant constitutes retaliation in violation of the CFEPA.

43.     As a result of the foregoing unlawful conduct of the Defendant, the Plaintiff was denied the opportunity of gainful employment.  As such, the Plaintiff has suffered a substantial loss of income and other employment benefits and will continue to suffer the loss of same all to her loss and detriment.

7

44.    As a further result of the foregoing unlawful conduct, the Plaintiff has incurred attorney's fees and costs in order to obtain the right to which she is entitled.

45.    As a further result of the foregoing unlawful conduct of the Defendant, the Plaintiff has suffered and will continue to suffer in the future, considerable emotional and psychological pain and suffering.

**COUNT FOUR:**    **Interference in violation of the Family Medical Leave Act 29 U.S.C. § 2612 et seq.**

1.    Plaintiff repeats and re-alleges paragraphs 1 through 39 above as Paragraphs 1 through 39 of this Fourth Count as if fully set forth herein.

40.    The Plaintiff took medical leave under the FMLA.

41.    Defendant did not restore the plaintiff to her position upon her return to work following a leave of absence, a right afforded under the FMLA.

42.    The aforesaid acts of the Defendant constitute interference under the FMLA.

43.    As a result of the Defendant' interference with the Plaintiff's FMLA rights, the Plaintiff suffered harm.

44.    As a further result of the foregoing conduct of the Defendant, the Plaintiff has incurred attorney's fees and costs in order to obtain the right to which she is entitled.

**COUNT FIVE:**    **Retaliation Pursuant to the Family Medical Leave Act 29 U.S.C. § 2612 et seq.**

1.    The Plaintiff repeats and re-alleges Paragraphs 1 through 39 above as Paragraphs 1 through 39 of this Fifth Count as if fully set forth herein.

40.    Defendant fabricated a reason for termination while the plaintiff was out on FMLA leave. The plaintiff's employment was terminated upon the completion of her leave.

41.    The Plaintiff was retaliated against and subject to adverse employment action for taking a protected leave under the FMLA.

42.     As a result of the Defendant Company's violation of the FMLA, the Plaintiff suffered a loss of employment and lost compensation.

43.     Furthermore, as a result of the Defendant Company's actions, as aforesaid, the Plaintiff has been forced to spend legal fees and costs in order to obtain the rights to which she is entitled.

**COUNT SIX:**          **Defamation**

1.     The Plaintiff repeats and re-alleges Paragraphs 1 through 39 above as Paragraphs 1 through 39 of this Sixth Count as if fully set forth herein.

40.     The Defendant made false and defamatory statements about the Plaintiff, namely, as set forth above.

41.     As a result of the Defendant's false and malicious statement about the Plaintiff, she has suffered harm to her reputation and considerable emotional and psychological pain and suffering.

THE PLAINTIFF
MELISSA VIGUE

By: _____

Emanuele R. Cicchiello, Esq.
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Juris No.: 419987
Email: manny@cicchielloesq.com

9

**WHEREFORE,** the plaintiff prays for the following relief:

1. employment compensation and benefits the plaintiff would have received but for the Defendant's unlawful termination of her employment, including lost wages;

2. reinstatement or front pay;

3. costs of this action and attorney's fees;

4. damages for emotional distress;

5. punitive damages;

6. Liquidated damages pursuant to 29 USC § 2617(a)(1)(A)(iii); and

7. such other relief as the court deems just and appropriate.


THE PLAINTIFF
MELISSA VIGUE

By: _____

Emanuele R. Cicchiello, Esq.
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Juris No.:  419987
Email: manny@cicchielloesq.com

RETURN DATE:  DECEMBER 13, 2016      :     SUPERIOR COURT

                                                :

MELISSA VIGUE                           :     JD OF HARTFORD

                                                :

v.                                        :     AT HARTFORD

                                              :

BRISTOL ADULT RESOURCE CENTER, INC.     :     NOVEMBER 7, 2016

## <u>STATEMENT OF AMOUNT IN DEMAND</u>

The Plaintiff claims the amount of demand in excess of $15,000.00 exclusive of interest and costs.

THE PLAINTIFF
MELISSA VIGUE

By: _____

Emanuele R. Cicchiello, Esq.
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
Tel: (860) 296-3457
Fax: (860) 296-0676
Juris No.:  419987
Email: manny@cicchielloesq.com

11

# EXHIBIT A

# STATE OF CONNECTICUT
## COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Melissa Vigue
**COMPLAINANT**

vs.

CHRO No. 1630594
EEOC No.  16A201601386

Bristol Adult Resource Center Inc.
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Complainant resides or in which the Respondent transacts business. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought in accordance with this release must be served on the Commission by email at ROJ@ct.gov or by regular U.S. mail at 450 Columbus Blvd. – Suite 2, Hartford, CT 06103 at the same time all other parties are served. Service by email is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

Tanya A. Hughes

**DATE:** October 27, 2016                    Tanya A. Hughes, Executive Director

Melissa Vigue (via regular mail)
Ydahlie Pagan – Cicchiello & Cicchiello – ydahlie@cicchielloesq.com
David C. Salazar-Austin– Jackson Lewis – salazard@jacksonlewis.com
Allison P. Dearington - Jackson Lewis - Allison.dearington@jacksonlewis.com

# STATE OF CONNECTICUT
# COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Melissa Vigue
**COMPLAINANT**

vs.

CHRO No. 1630594
EEOC No. 16A201601386

Bristol Adult Resource Center Inc.
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Complainant resides or in which the Respondent transacts business. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought in accordance with this release must be served on the Commission by email at ROJ@ct.gov or by regular U.S. mail at 450 Columbus Blvd. – Suite 2, Hartford, CT 06103 at the same time all other parties are served. Service by email is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

**DATE:** October 27, 2016

Tanya A. Hughes, Executive Director

Melissa Vigue (via regular mail)
Ydahlie Pagan – Cicchiello & Cicchiello – ydahlie@cicchielloesq.com
David C. Salazar-Austin– Jackson Lewis – salazard@jacksonlewis.com
Allison P. Dearington - Jackson Lewis - Allison.dearington@jacksonlewis.com